RECEIVED
USDC, WESTERN DISTRICT OF LA
TONY R. MOORE, CLERK
DATE 7/27/09

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAFAYETTE DIVISION

| | |
|---|---|
| **CHARLES J. BROWN** | **DOCKET NO. 6:09-cv-1218** |
| **VS.** | **SECTION P** |
| **SHERIFF JACK STRAIN, JR.** | **JUDGE HAIK** |
| | **MAGISTRATE JUDGE HILL** |

### ORDER

On July 16, 2009, *pro se* plaintiff Charles J. Brown, an inmate incarcerated at the St. Tammany Parish Jail (STPJ), Covington, Louisiana, filed a civil rights complaint pursuant to 42 U.S.C. §1983. Plaintiff complained of an incident that occurred while he was incarcerated at the STPJ on June 8, 2009.

Section 1983 does not contain a venue provision; thus, venue is determined under the general venue provisions set forth in 28 U.S.C. § 1391. When, as here, a civil action is not premised solely upon diversity jurisdiction, it may be brought only in (1) a judicial district where any defendant resides, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought. 28 U.S.C. § 1391(b). Clearly, venue is inappropriate in the Western District of Louisiana. However, since the defendant resides in the Eastern District of Louisiana, and since the events or omissions giving rise to this claim occurred there, venue is clearly appropriate in that district. Title 28 U.S.C. §1406(a) authorizes the Court to transfer a case filed in a district where venue is improper to the appropriate judicial district in which it could have been brought. Therefore,

S

IT IS ORDERED THAT this civil rights complaint is hereby **TRANSFERRED** to the United States District Court for the Eastern District of Louisiana.

Signed in Chambers, Lafayette Louisiana, on July 27, 2009.

RICHARD T. HAIK, SR.
UNITED STATES DISTRICT JUDGE